IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JEFFREY A. PLEASANT,

    Petitioner,

v.                               Civil Action No. 3:16CV416

WENDELL W. PIXLEY,

    Respondent.

MEMORANDUM OPINION

Jeffrey A. Pleasant, a Virginia inmate proceeding pro se, has filed numerous frivolous attempts to challenge his state and federal convictions. Pleasant now submits this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Memorandum Opinion and Order entered January 28, 2014, the Court dismissed a prior 28 U.S.C § 2241 petition by Pleasant challenging his 622-month federal sentence as a successive, unauthorized 28 U.S.C. § 2255 motion. See Pleasant v. Cuccinelli, No. 3:12CV731, 2014 WL 353405, at *1-2 (E.D. Va. Jan. 28, 2014). In that Memorandum Opinion, the Court noted that Pleasant claimed his federal "Project Exile prosecution" was invalid because his "state arrest for the six (6) state felony offenses [was] never resolved . . . ." Id. at *1 (citation omitted) (internal quotation marks omitted). The Court noted that Pleasant "represent[ed] that he wishe[d] to

challenge the decisions of the Circuit Court of the City of Richmond . . . with respect to, inter alia, CR00-362-F, CR00-363-F[, and] CR00-364-F.'" Id. at *1 n.2 (third alteration in original). The Court explained that Pleasant "fail[ed] to specify how these cases resulted in a present restraint upon his liberty" and that his submissions demonstrated that the Commonwealth had withdrawn those indictments. Id.

In addition to the above-described § 2241 petition, Pleasant has inundated the Court with post-conviction motions challenging his federal convictions and state charges. Noting a history of frivolous and abusive filings by Pleasant, the Court explained that "[f]rom this point forward, before the Court will review any new action challenging his federal conviction or state charges in the Circuit Court of the City of Richmond, no matter what Pleasant labels the action, Pleasant must" file a "Certificate of Compliance" containing certain components. Pleasant v. Clarke, No. 3:15CV218, 2015 WL 11110959, at *2 (E.D. Va. April 21, 2015). The Court explained that Pleasant's failure to comply with those directives would result in summary dismissal of the new action. (Id.)

Pleasant filed a Certificate of Compliance in the instant action; however, it is evident that he once again attempts to challenge his state arrests and the dismissed indictments in the

2

Circuit Court for the City of Richmond.[1] "[A]s previously explained, to the extent Pleasant intends to challenge offenses in the Circuit Court of the City of Richmond, he fails to identify a judgment and conviction that resulted in a present restraint on his liberty." Id. at *1. Pleasant offers no basis upon which he can challenge dismissed state charges under § 2241.

Additionally, "[a]s the Court has explained ad nauseam to Pleasant, any attempt to challenge his federal criminal convictions, no matter the label, will be dismissed as a successive, unauthorized 28 U.S.C. § 2255 motion." Id. (citations omitted); see also Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). To the extent Pleasant continues to insist that his federal convictions are unlawful because of defects in his prosecution, his § 2241 Petition is properly construed as a successive 28 U.S.C. § 2255 motion. Because the United States Court of Appeals for the Fourth Circuit has not authorized this Court to entertain Pleasant's successive § 2255 motion, this portion of the action will be dismissed for want of jurisdiction.

---

[1] Pleasant states that "[t]he subject of Petitioner[']s . . . restraint is his Jan. 24, 2000 arrest." (§ 2241 Pet. 1, ECF No. 1.)

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pleasant fails to satisfy this standard. Accordingly, a COA will be denied.

Pleasant's request to proceed in forma pauperis (ECF No. 2) will be denied as moot.

The Clerk is to directed to send a copy of the Memorandum Opinion to Pleasant.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 14, 2016
Richmond, Virginia